1

2

3

4

5 UNITED STATES DISTRICT COURT

6 EASTERN DISTRICT OF WASHINGTON

7 ANDY ACE WEIMER,

8                          Plaintiff,

9         v.

10 SHERIFF DEPARTMENT CITY
SPOKANE WA; BADGE #592051
11 STOLZ,

12                          Defendants.

NO. 2:23-CV-0045-TOR

ORDER GRANTING MOTION TO
DISMISS

13     BEFORE THE COURT are Plaintiff's Request for Entry of Default (ECF

14 No. 4), Defendants' Motion to Dismiss Per FRCP 12(b)(2), (5), and (7) (ECF No.

15 6), and Plaintiff's Request for Entry of Default (ECF No. 10).  These matters were

16 submitted for consideration without oral argument.  The Court has reviewed the

17 record and files herein, the completed briefing, and is fully informed.  For the

18 reasons discussed below, Plaintiff's Request for Entry of Default (ECF No. 4) is

19 **denied**, Defendants' Motion to Dismiss Per FRCP 12(b)(2), (5), and (7) (ECF No.

20 6) is **granted**, and Plaintiff's Request for Entry of Default (ECF No. 10) is **denied**.

ORDER GRANTING MOTION TO DISMISS ~ 1

1

**BACKGROUND**

2       On February 16, 2023, Plaintiff, proceeding pro se, filed a Complaint

3 alleging "Eighth Amendment … nor cruel, and unusual punishments inflicted."

4 ECF No. 1 at 3.  That same day, Plaintiff filed a service of summons on "Badge

5 #592051 Stolz" for "Sheriff Department City Spokane WA."  ECF No. 3 at 1.

6       On March 31, 2023, Plaintiff filed a Request for Entry of Default, alleging

7 "Defendant did not plead or defend within the 21 day deadline" and sought

8 $700,000 in damages and the termination of Deputy Stolz from law enforcement.

9 ECF No. 4.  On April 14, 2023, Defendants filed the Motion to Dismiss for failure

10 to properly effectuate service and name proper parties.  ECF No. 6.  Plaintiff did

11 not respond to the Motion to Dismiss.

12       On May 3, 2023, Plaintiff again filed a Request for Entry of Default with a

13 mail receipt addressed to "Spokane County Prosecutor."  *See* ECF No. 10.

14 Defendants filed a response to this request.  ECF No. 11.

15                                  **DISCUSSION**

16 **I.      Motions for Entry of Default**

17       Plaintiff contends an entry of default against Defendants is appropriate

18 where they failed to respond to the Complaint by the time specified under the

19 Federal Rules of Civil Procedure.  As Defendants responded with a motion to

20 dismiss based on failure to effect proper service, Plaintiff's motions are moot.  In

ORDER GRANTING MOTION TO DISMISS ~ 2

any event, Plaintiff failed to comply with Federal Rule of Civil Procedure 55. Plaintiff's motions are denied.

### II.    Motion to Dismiss

Defendants move to dismiss the Complaint for improper service and an improper party.  ECF No. 6.  Plaintiff did not respond to Defendants' motion.

A court has jurisdiction over a defendant only where a defendant is properly served under Federal Rule of Civil Procedure 4.  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  A defendant may challenge the service of process made by a plaintiff.  Fed. R. Civ. P. 12(b)(5).  Once challenged, the plaintiff has the burden to establish that service of process was valid under Rule 4.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  While liberally construed, a plaintiff must demonstrate substantial compliance with Rule 4.  *Direct Mail Specialists*, 840 F.2d at 688.

As relevant here, a person may be served by either "following state law for serving a summons in an action brought in courts of general jurisdiction … [or] delivering a copy of the summons and of the complaint to the individual personally … or delivering a copy of each to an agent authorized or by law to receive service of process."  Fed. R. Civ. P. 4(e).  A local government entity may be served by either "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that

state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j).

First, there is no evidence Plaintiff substantially complied in properly serving the "Spokane Sheriff Department City Spokane WA", presumably the Spokane County Sheriff's Department. Fed. R. Civ. P. 4(j); RCW 4.28.080(2). In any event, Spokane County is the proper party as the legal entity to be sued. Fed. R. Civ. P. 12(b)(7); RCW 36.01.010. Therefore, the Court dismisses the action against the "Sheriff's Department City Spokane WA" with prejudice.

Second, Plaintiff contends he served a summons on "Badge # 592051 Stolz" for "Sheriff Department City Spokane WA." It is not clear whether Deputy Stolz is an individually named defendant for personal service. In any event, Deputy Stolz declaration states that he has never been served a copy of the Complaint and summons for this case. *See* ECF No. 8. Plaintiff failed to respond to this assertion and failed to carry his burden that proper service has been accomplished. Moreover, Plaintiff's claim against Deputy Stolz for a traffic stop fails on its face where the Eighth Amendment right to be free from cruel and unusual punishment attaches after a conviction and sentencing. *Graham v. Connors*, 490 U.S. 386, 392 n.6 (1989); *Pierce v. Multnomah Cnty., Or.*, 76 F.3d 1032, 1042 (9th Cir. 1996). Therefore, the Court dismisses the action against Deputy Stolz without prejudice.

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Request for Entry of Default (ECF No. 4) is **DENIED**.

2. Defendants' Motion to Dismiss Per FRCP 12(b)(2), (5), and (7) (ECF No. 6) is **GRANTED**.

3. Plaintiff's Request for Entry of Default (ECF No. 10) is **DENIED**.

4. Plaintiff's Complaint against Defendant Sheriff Department City Spokane WA is **DISMISSED with prejudice**.

5. Plaintiff's Complaint against Defendant Stolz Badge #592051 is **DISMISSED without prejudice**.

The District Court Executive is directed to enter this Order and Judgment, furnish copies to to the parties, and **CLOSE** the file.

DATED June 5, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION TO DISMISS ~ 5